# Hoskins, Appellant, *v.* Peoples.

Argued Dec. 17, 1909. Appeal, No. 221, Oct. T., 1909, by plaintiff, from order of C. P. No. 5, Phila. Co., March T., 1907, No. 2,276, refusing to take off nonsuit in case of Robert J. Peoples, Andrew Peoples and David Peoples, co-partners, trading as Peoples Brothers. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries.

*Error assigned* was refusal to take off nonsuit.

*Ruby R. Vale*, for appellant.

*Henry H. Farley*, with him *Edward B. West*, for appellees.

OPINION BY HEAD, J., May 12, 1910:

The injury for which the plaintiff here seeks to recover resulted from the same accident, the details of which we have fully stated in the kindred case of Atwood B. Hoskins v. the same defendants, in which an opinion has this day been filed, ante, p. 000. The plaintiff in that case was the owner of the horse which had to be killed as a consequence of the injuries it sustained. The present plaintiff was the owner of the buggy and harness used on that occasion, and brings this action to recover damages for the injury sustained by his property resulting from the alleged negligent act of the defendants.

The cases were tried in different courts with different results. In the present case the learned trial court entered a compulsory nonsuit, which he afterwards refused to take off, and the plaintiff appeals. Whilst the oral testimony in this case is even less in volume than in the former one, yet it is the same in quality and substance, and was sufficient we think to have required the submission of a question of fact to the jury under proper instructions. The nature and scope of such instructions were fully set forth in the previous opinion wherein we indicated the line of reasoning that led us to the conclusion we reached.

It is not necessary here to repeat or elaborate what we there said. The application to the present case of the same reasoning previously adopted requires us to hold that the learned judge below fell into an error in refusing to submit the case to the jury.

Judgment reversed and a venire facias de novo awarded.